U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 MAY 16 AM 10:55

CLERK
BY_____PC_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| WELLISON DASILVA LEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:12-cv-213 |
| ) | |
| NORTHWEST STATE ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 9, 15)

This matter came before the court for a review of the Magistrate Judge's April 18, 2013 Report and Recommendation (R & R) regarding a motion to dismiss filed by Defendant. Defendant has moved to dismiss Plaintiff Wellison Leal's claims for violations of his constitutional rights pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted (Doc. 9). Plaintiff did not oppose the motion although he did file an appeal to the Court of Appeals for the Second Circuit which was dismissed. Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of report and

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

This action arises out of incidents that occurred in March and April of 2011 in which Plaintiff alleges that he was terminated from his kitchen position at Northwest State Correctional Facility after he was subjected to a racial slur that was allegedly directed towards him by a correctional officer. The correctional officer advised Plaintiff that if he left his kitchen post in protest, he would be terminated because the kitchen was short-staffed on the day in question. Plaintiff nonetheless left his post and was terminated from it. He has filed a number of grievances regarding the incident which he claims were either not received or not responded to. He claims that he suffered retaliation as a result of his grievances, consisting of numerous transfers to various correctional facilities.

In his thirteen page R & R, the Magistrate Judge recommended that Plaintiff's claims of violations of his constitutional rights should be dismissed because any claim for damages against the State of Vermont must be dismissed under the Eleventh Amendment to the federal Constitution and because Plaintiff has failed to state a claim upon which relief may be granted. The Magistrate Judge recommended that Plaintiff should be permitted to amend his complaint if he so chooses, provided he label the new document an Amended Complaint and including all claims against all parties within it.

## CONCLUSION

The court agrees with the Magistrate Judge's recommendations and finds them well-reasoned. The court therefore ADOPTS the Magistrate Judge's R & R as the court's Order and Opinion, and GRANTS Defendant's motion to dismiss (Doc. 9). Plaintiff is hereby GRANTED thirty (30) days to file an Amended Complaint, if he so chooses. If

no Amended Complaint is filed within the prescribed time period, this action shall be dismissed.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 16th day of May, 2013.

Christina Reiss, Chief Judge
United States District Court